# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DAVID WALLACE,  
                                             \* No. 12-888V  
              Petitioner,      \* Special Master Christian J. Moran

v.                           \* Filed: September 4, 2015

SECRETARY OF HEALTH  
AND HUMAN SERVICES,     \* Attorneys' fees and costs; award  
                                \* in the amount to which  
            Respondent.    \* respondent does not object.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Danielle Anne Strait, Maglio Christopher and Toale, PA Washington, DC, for Petitioner;  
Traci R. Patton, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On September 2, 2015, petitioner filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner submitted a draft application to respondent for review and after informal discussions regarding objections raised by respondent, petitioner agreed to amend his application to seek $35,912.50 for attorneys' fees and costs. Respondent found petitioner's application to be reasonable. The Court awards this amount.

On December 17, 2012, David Wallace filed a petition for compensation alleging that the influenza ("flu") vaccine, which he received between October 7, 2011 and October 14, 2011, caused him to suffer Guillain-Barré syndrome ("GBS"). Petitioner received compensation based upon the parties' stipulation. Decision, issued June 4, 2015. Because petitioner received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Petitioner seeks a total of **$35,912.50** in attorneys' fees and costs for his counsel. Additionally, in compliance with General Order No. 9, petitioner states that he did not incur any in out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $35,912.50 in the form of a check made payable to petitioner and petitioner's attorney, Maglio Christopher & Toale, P.A., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
